## State of Minnesota

### *vs.*

### John Everett.

The word "Jury" in *Sec. 6, Art. 1, of the Constitution of this State*, imports a body of *twelve* men.

In a criminal prosecution a trial by a jury of six men in a justice's court, against the objection of the accused, is in violation of constitutional rights. This is so notwithstanding the accused has the right of appeal to the district court upon entering into recognizance with surety.

This cause was removed to this court from the district court for the county of Sherburne, by writ of error. A sufficient statement of the case appears in the opinion of the court.

H. L. Gordon for Plaintiff in Error.

III.   Defendant demanded a *speedy* and public trial by jury; objected to a jury of six men, and demanded a jury

of *twelve men.* The defendant was entitled to a jury of twelve men. *Sec.* 139, *Chap.* 65, *Gen. Stat.*, as amended by *Chap.* 81, *Gen. Laws* 1867, and *Sec.* 140 *same Chap.*, are unconstitutional.

*a.* " In *all criminal prosecutions*, the accused shall enjoy the right to a *speedy* and public trial, by an impartial jury of the county," &c. *Art.* 1, *Sec.* 6, *Const.*

" Every person ought to obtain justice *freely and without purchase*, completely and without denial, *promptly and without delay.*" *Art.* 1, *Sec.* 8, *Const.*

*b.* The word "Jury" means a "jury of twelve men," *Toynbee's case, Mynehamer vs. the People*, 13 *N. Y.*, 427; *The People vs. Kennedy*, 2 *Park. Cr. R.* 317 *and cases cited;* 3 *Park. Cr. R.* 24; *Norval vs. Rice*, 2 *Wis.* 22. The right extends to misdemeanors. 2 *Park. Cr. R.* 327, 13 *N. Y.*, 456, *et seq.* The provisions in the several State Constitutions in regard to jury trials differ materially. The constitutions of Michigan and New Jersey *expressly* authorize a jury of less than twelve men in some cases. The provisions of several of the State constitutions like that of New York, guarantee the right of trial by jury *as it has been heretofore used.*" Constitutions of Maine, N. H., Mass., Del., S. C., and Georgia. Other constitutions declare that " *The right of trial by jury shall remain inviolate,*" &c. *See Sedg. on Stat. and Const. Law*, 543. The language of our Constitution is very strong, *Art.* 1, *Secs.* 4–6; hence the decisions in many States are inapplicable to ours. *Work vs. State*, 2 *Ohio State R.*, 296; *Enderman vs. Ashley, Pr. Dec.* 65; *Carson vs. Commonwealth*, 1 *A. K. Marsh*, 290; *Hughes vs. Hughes*, 4 *Monroe*, 43; 3 *Doug.* (*Mich.*) 334 *note; Barter vs. Commonwealth*, 3 *Pa.*, 253–260; 17 *Tex.*, 415; *State vs. Moss*, 2 *Jones* (*N. C.*) 66; *State vs. Cox*, 3 *Eng.* (*Ark.*) 436; 1 *Bish. Crim. Pro.*, *Sec.* 761 *and cases*

*cited ; Norval vs. Rice,* 2 *Wis.,* 22 ; *May vs. M. & M. R.,* 3 *Wis.,* 219 ; *Opinion of Justices,* 41 *N. H.,* 550 ; *Stedger vs. Rogers, Pr. Dec.* 64.

*d.* But it may be said that defendant could have obtained a trial by a jury of twelve men by appeal to the district court. True—but the right of appeal was fettered and qualified by the provisions of *Sec.* 149, *Chap.* 65, *Gen. Stats.* The recognizance with one or more sufficient sureties conditioned to appear before said court and abide the judgment of the court, and in the meantime to keep the peace and be of good behavior, is a *sine qua non* of the appeal. *Sec.* 153 provides for judgment against the sureties. Therefore defendant had not " an unqualified and unfettered right of appeal and trial by jury in an appellate court." *Jones vs. Robbins,* 8 *Gray,* 341, 351 ; *Sullivan vs. Lothrop,* 3 *Gray,* 477 ; *Myneheimer vs. The People,* 13 *N. Y.,* 427 ; *Greene vs. Griggs,* 1 *Curtis C. C.* 311 ; *Saco vs. Wentworth,* 37 *Maine,* 165.

In this case the recognizance is the one and only condition of an appeal ; in *Saco vs. Wentworth,* the bond was one of several conditions—the court held the conditions inoperative and void, and in violation of the *Const. p.* 176, and seem to imply as in Johnson's case, 1 *Greenl.,* 230, that the defendant had an untrammeled right of appeal by virtue of the right of jury trial by the constitution.

But appeal is a strict statutory right ; the right of appeal is conferred by statute—it never existed at common law ; and in order to avail one's self of the right, he must pursue the statute. 1 *Minn.,* 191 ; 11 *Minn.,* 165 ; 11 *Minn.,* 76 ; 9 *Minn.,* 234 (239) ; 10 *Minn.,* 286 ; 5 *Minn.,* 67 ; *Tierney vs. Dodge,* 9 *Minn.,* 166. Here then the defendant could not obtain a jury trial except by appeal, and he could not

appeal except in one way—by giving recognizance. 8 *Gray*, 351, 352.

CHAS. D. KERR for Defendant in Error.

III.—The constitutionality of the law of 1867, providing for a jury of six men in justices' court, is the only question raised in the points of plaintiff in error which is at all doubtful. I have no doubt that the word " jury," in *Art.* 1, *Sec.* 6, *Const. Minn.*, imports, *ex vi termini*, a jury of twelve men. Can it then be reconciled with the legislative enactment providing for a jury of six men ? ·

The same law that provides for the trial of this class of misdemeanors by a jury of six men, also not only provides for the right of appeal, but greatly enlarges and simplifies that right.

Every provision has been made for a certain and easy right of appeal, in all cases, to the district court, where the accused may have a fair and impartial trial, on the merits, by a jury of twelve men, selected from the body of the county.

The right of trial by jury is not violated by an act of legislature which authorizes a single magistrate to try and pass sentence, or a jury of six men to try, provided the act contains a provision that the party shall have an unqualified and unfettered right of appeal to a court where he is entitled to a jury of twelve men, as of right. *Sedgw. on Stat. and Const. Law, p.* 549, *and authorities quoted ; Mynheimer vs. The People,* 13 *N. Y.,* 427 ; *Jones vs. Robbins,* 8 *Gray,* 341 ; *Eminik vs. Harris,* 1 *Burr,* 416 ; *Murphy vs. People,* 2 *Low,* 815 ; *Jackson vs. Wood,* 2 *Conn.,* 819 ; *Burr vs. Burr,* 4 *Conn.,* 535 ; *Sullivan vs. Adams,* 3 *Gray,* 477 ;

State of Minnesota v. Everett.

1 *Bish. Crim. Pro.*, 760 ; *State vs. Brennan's Liquors*, 25 *Conn.*, 278 ; *Stewart vs. Baltimore*, 7 *Md.*, 500 ; 13 *S. & R.* 405 ; 2 *Murph.*, 41 ; 1 *Hawks*, 482 ; 8 *Yerg*, 444 ; *Pollard vs. Holman*, 4 *Bibb.*, 416 ; 1 *A. K. Mar.*, 372 ; 9 *Iowa*, 203 ; 4 *Id.*, 350 ; 1 *Bin. R.*, 416 ; 2 *Ohio St. R.*, 308 ; 8 *Eng.* (13 *Ark.*), 720.

But, says the counsel for plaintiff in error, " the right of appeal here is not unqualified and unfettered." I answer, it is more unqualified and less fettered than was the case in any of the authorities above cited. It has even been held that when, in cases tried by a jury of six men, like the one at bar, no right of appeal at all has been given by statute ; the right exists, nevertheless, from the mere force of the constitutional provision authorizing a jury trial. *Vide* 1 *Greenl.*, 230, *with characteristic comments on same by Mr. Bishop, in* 1 *Crim. Pro.*, 760.

The " recognizance," which counsel thinks so qualifies and fetters the right of appeal in the case at bar, is simply a necessary inconvenience, as is also the delay of the trial till the sitting of the appellate court ; they are the same and no greater than they would be in case the accused, instead of being tried by jury, should be examined and bound over by the magistrate, or in default of bail committed to jail. 8 *Gray*, 341.

The right of the accused to a fair and impartial trial is better secured by such right of appeal, than though he were tried in the first instance by a jury of twelve men in a justice's court, without the right to appeal, because the jury in the appellate court is more fairly chosen, and less liable to be biassed than one selected from the immediate vicinity where the offense is committed.

*By the Court.*—Berry J.—This was a criminal prosecu-

tion instituted before a justice of the peace, under *Sections 68 and 69, Chapter 13, General Statutes,* for obstructing a highway.

The defendant having pleaded not guilty, demanded a trial by a jury of twelve men. He also objected to a trial by a jury of six men. His demand being refused, and his objection overruled, defendant excepted. Upon a trial by a jury of six men, he was found guilty and fined; whereupon he appealed to the district court for the county of Sherburne, upon questions of law alone. The district court having affirmed the judgment appealed from, the defendant sued out a writ of error, upon which the case comes to this Court.

The defendant insists that he has been deprived of the trial by jury secured by *Sec. 6, Art. 1, of the Constitution* of this State, which declares that "in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury."

The word "jury" in this connection imports a body of *twelve* men. *Comyn's Dig., Title Challenge*; *Bacon's Abr. Title Juries*; 3 *Bl. Com.,* 379; *Bouvier Law Dic., Title Juries*; *Crugar vs. Hudson R. R. R. Co.,* 12 *N. Y.,* 108; *Wynehamer vs. The People,* 13 *N. Y.,* 378; *Cancimi vs. The People,* 18 *N. Y.,* 128; 41 *N. H.,* 550; 2 *Story on the Cons., 3d Ed.,* § 1779; *Cooley's Con. Lim.,* 319; *Hill vs. The People,* 16 *Mich.,* 355; *Work vs. The State,* 2 *Ohio St.,* 296.

It follows that the trial by the (so called) jury of six men, in this instance, was not the trial by jury guaranteed by the constitution. But while this conclusion is not controverted by the counsel for the State, it is contended that the defendant's constitutional right to a trial by jury was not violated, because, although he was in the first instance

tried by a jury of six men, he had the right of appeal to the district court, where it was his privilege to be tried by a jury of twelve men. If this right of appeal is so absolute, unqualified and unfettered, that it, together with the right of trial by jury, are *secured* to every man who demands an appeal, we are of opinion that the requirement of the constitution is satisfied. But these rights must be *secured.* They must not be made to depend upon a condition with which the party prosecuted may or may not be able to comply. By the provisions of statute, as they now read, (*Ch.* 81, *Laws* 1867) a person convicted upon a criminal prosecution before a justice of the peace is permitted to appeal to the district court, " *Provided* said person shall within five days enter into a recognizance, with one or more sufficient sureties, conditioned to appear before said court and abide the judgment of the court therein, and in the mean time to keep the peace and be of good behavior." As under *sec.* 5, *art.* 6 of our State Constitution, the appellate jurisdiction of the district court is " such as may be prescribed by law," it is only by complying with the statutory proviso quoted that a party prosecuted can take an effectual appeal. The right of appeal is then made to depend upon the recognizance ; if this is not entered into by the prisoner with one or more sufficient sureties, (which he may or may not be able to procure,) then the party prosecuted has no appeal, and does not enjoy the right to trial by a jury of twelve men ; or in other words, the right of appeal and the right of trial by jury are not secured.

In the case at bar, the only trial which was permitted the defendant before the justice, was a trial by a jury of six men, and he was, under the statute referred to, permitted to appeal to the district court, and there obtain trial by a jury of twelve men, *only* upon entering with surety into the

recognizance spoken of. The effect of this state of facts was in our opinion such as to deprive him of his constitutional right of trial by jury, and on this account the judgment appealed from must be reversed. *Sullivan v. Adams*, 3 *Gray*, 477 ; *Jones vs. Robbins*, 8 *Gray*, 341 ; *Wynehamer vs. The People*, 13 *N. Y.*, 378 ; *Greene vs. Briggs*, 1 *Curtis Cir. Ct.*, 311 ; *State vs. Gurney*, 37 *Me.*, 156 ; *Saco vs. Wentworth*, 37 *Me.*, 165 ; *Saco vs. Woodson*, 39 *Me.*, 258. It is to be observed that the provisions of our statute in regard to appeals in cases of this kind, differ from those of some of the other States in which the appellant is allowed at his option to enter into recognizance for his appearance in the appellate court, *or to stand committed*. Where this option is allowed him, the appeal is *secured at all events*. If the appellant is unable to recognize, it is always in his power to suffer a commitment, and in either case his appeal is effectual, and, as is held, his trial by jury secured.

It is generally considered that the commitment or recognizance, like the delay of trial until the sitting of court, is an inconvenience to which parties prosecuted are necessarily subjected in order to ensure their appearance, and submission to the judgment of the appellate court, and not an infringement upon the right of *speedy* trial by jury. See cases *supra*.

Judgment reversed and defendant discharged.