Borough of St. Peter v. Bauer.

---

## BOROUGH OF ST. PETER

*vs.*

## JACOB BAUER.

The charter of the borough of St. Peter, *Spec. Laws* 1865, *ch.* 12, as amended by *Spec. Laws* 1867, *ch.* 31, gives to the recorder of said borough exclusive original jurisdiction of all offenses arising under the ordinances of said borough, to hear, try and determine all cases wherein any breach of any ordinance is charged, and provides that any person

convicted before the recorder of any offense under the ordinances of the borough, shall be punished by fine, or imprisonment at hard labor, or both, not exceeding one hundred dollars fine, and thirty days imprisonment, as may be regulated by ordinance, saving an appeal to the district court in all cases.    *Held,* that the provisions of the *Gen. Stat.*, *ch.* 65, as to the manner of taking appeals from convictions before a justice of the peace do not apply to such an appeal.

*Held,* also, that the recorder had no power to summon and empannel a jury, and therewith to try one charged with a breach of an ordinance; and sentence passed by him upon conviction on such a trial held illegal.

Complaint was made in August, 1871, before the recorder of the borough of St. Peter, charging Jacob Bauer, the defendant, with selling spirituous liquors within said borough, without having obtained a license therefor, contrary to the ordinances of the borough.    The recorder issued a warrant under which the defendant was arrested and brought before him, and thereupon a *venire* for a jury.    The jury were duly summoned, and the defendant tried before them and found guilty, and sentenced by the recorder.    The defendant appealed, pursuant to *chapter* 65, *Gen. Stat.*, to the district court for Nicollet county, executing a bond with sureties, and giving notice that the appeal was taken upon questions of law alone. In the district court, the judgment of the court below was affirmed, and entered up against the defendant and his sureties. The defendant removes the cause to this court by writ of error.

E. St. Julien Cox, for Plaintiff in Error.

G. S. Ives and Gilfillan & Williams, for Defendant in Error.

*By the Court.*—Ripley, Ch. J.—*Sec.* 5, of the act incorporating the borough of St. Peter, (*Special Laws of* 1865, *chap.* 12,)

as amended by *Special Laws of* 1867, *ch.* 31, *sec.* 1, provides, among other things, that "the officers of said corporation shall be one mayor, one treasurer, and one recorder."

*Sec.* 10, of said act, as amended by *section* 2 of said *chap.* 31, *Special Laws* 1867, provides "that to the recorder of said borough shall belong exclusive original jurisdiction of all offenses arising under the ordinances of said borough.

"2.    He shall be a conservator of the peace, and his court shall be open every day, Sundays excepted, *to hear, try and determine* all cases wherein any breach of any ordinance of the borough is charged, or any law of the state of Minnesota, and he shall have power to issue all necessary process to bring parties before him forthwith for trial.

"3.    Any person convicted before the recorder of any offense, under the ordinances of the borough, shall be punished, by fine or imprisonment at hard labor, as may be regulated by ordinance, saving an appeal to the district court in all cases.

"4.    In case of a vacancy  *  *  in the office of recorder, or in case of interest, absence, disability or sickness on the part of such recorder, it shall be the duty of the mayor to appoint some acting justice of the peace, within the county of Nicollet, to perform the duties of said recorder."

By *sec.* 5, of said *ch.* 31, of *Special Laws of* 1867, *sub. ch.* 3 is added to said act.    By *sec.* 2 thereof it is enacted, that " In all prosecutions for any violation of the act, or of any ordinance of the borough, the first process shall be by warrant. *Provided,* That no warrant shall be necessary in any case of the arrest or apprehension of any person or persons while in the act of *violating any law of the state of Minnesota,* or ordinance of the borough of St. Peter, but the person so arrested may be *proceeded against, tried, convicted and punished, or discharged,* in the same manner as if the arrest had been by warrant."

Justices of the peace have power to hear, try and determine, subject to provisions. which secure a trial by jury in their courts, charges of offenses for which the punishment does not exceed a fine of one hundred dollars, or imprisonment for three months. Paragraph 2 of said *section* 10, literally taken, purports to authorize the recorder to hear, try, and determine all cases wherein a breach of *any law of the state* is charged, and it does not make this power subject to any provision securing a trial by jury in his court, nor does it provide for an appeal from his judgment and sentence ; the appeal provided for being from conviction for breach of ordinance only. Upon a comparison of the charter of 1865, with the amendatory act of 1867, aforesaid, it is quite evident that this is the result of inadvertence. The intention of the amendatory charter aforesaid, probably was to substitute the recorder throughout, in his powers and duties, for the borough justices originally provided for, with the powers and duties of justices of the peace. (*Spec. Laws* 1865, *ch.* 12, *secs.* 5, 10.) But the amendments necessary to fully carry out such intention appear to have been omitted.

For instance, *sec.* 6 makes it the duty of said justices to declare the offices of the members of the council vacant, and call a new election, if the council neglect to meet once in three months. *Sec.* 16 makes them, the mayor and certain other officers, conservators of the peace, and requires all arrests to be reported to and investigated by the justices or one of them. By *sec.* 17 they are to appoint inspectors of the special election aforesaid. By *sec.* 18, they and the city attorney constitute the board of canvassers of the votes cast at all charter elections, and also the judges of appeals from the certificate of the result of their canvass.

While the office of borough justice has been abolished, these sections remain unchanged. Any resulting inconven-

ience is to be regretted, but we have only to state the effect of this legislation, so far as the case before us makes it necessary.

As to the jurisdiction which this act attempted to give the recorder in respect of offenses against *any* law of the state, it is unnecessary for us to express any opinion as to whether or not it is void, as repugnant to the constitution. Assuming that it is, still such part only of this *sec.* 10, is to be considered void, as is plainly repugnant to the constitution, and the provision with respect to breaches of ordinances, is so distinct and independent, that one very clearly may not have been the motive or inducement to the other. So much of the law, therefore, as relates to breaches of the city ordinances may be valid, though the act be void. *Jones vs. Robbins,* 8 *Gray,* 329, *p.* 328.

It is also to be observed that by *sub. ch.* 3, *sec.* 9, the sale of all intoxicating, vinous, and spirituous liquors within the limits of the borough, is declared to be under the exclusive control of the borough council, and it might, therefore, be contended that no question as to the recorder's powers in respect of the laws of the state could arise in this prosecution.

But without deciding that question, we shall, for the reason already given, confine ourselves to such questions as arise in this case upon that provision of said charter which gives the recorder power to hear, try, and determine all cases wherein a breach of any ordinance of the borough is charged.

Fines, penalties, and punishments imposed for the violation of any ordinance, shall not exceed a fine of one hundred dollars, or imprisonment thirty days, or both. *Sub. ch.* 2, *s.* 1, § 11, The statute does not therefore conflict with the constitution. *Art.* 1, *s.* 7.

It gives the recorder power to "hear, try and determine," "saving an appeal to the district court in all cases."

It is quite unnecessary to consider whether or not the plain, distinct and express power which the charter gives the recorder, to hear, try and determine, in cases of breach of ordinance, without a jury, would be void, if there were not an unfettered right of appeal. *Jones vs. Robbins, 8 Gray, supra; Tierney et al. vs. Dodge,* 9 *Minn.* 166 ; *State vs. Everett,* 14 *Minn.* 439 ; 1 *Bish. Cr. L.,* § 893 ; *Dillon Municipal Corp.* § 361, 369 ; *Goddard Petr.,* 16 *Pick.* 502 ; *Const. Minn., art.* 1, *sec.* 6.

The charter expressly gives the right of appeal to the district court, nor is it clogged or fettered with any conditions whatever. The defendant, indeed, acted upon the assumption that he must appeal in the manner provided by the *Gen. Stat.* in respect of appeals from courts of justices of the peace, and gave the peculiar notice and recognizance thereby required. Such an assumption might have been well founded with respect to the borough justices, aforesaid. *Spec. Laws* 1865, *ch.* 12, *s.* 10.

But the charter, and that section thereof have been amended in the manner stated. " Borough justices " no longer exist. Instead thereof a magistrate unknown to the general law is provided for, who instead of such a jurisdiction as theirs, subject to, and to be exercised according to the provision of the General Statutes, relating to justices of the peace, aforesaid, has exclusive original jurisdiction of all offenses arising under the ordinances of the borough, and is to hear, try and determine all cases wherein a breach of an ordinance is charged.

The charter, it is true, does not specify the manner in which the appeal is to be taken ; but this raises no inference that to make it effectual the appellant must give the recognizance, and serve the notice provided for in the justices' act. The pre-requisite of such an inference must be that in the nature of things there is no other way in which an appeal *can* be taken ; *i. e.,* in the present case, that an *unrestricted* right of

Borough of St. Peter v. Bauer.

appeal cannot *in the nature of things* be made effectual, except by complying with certain *restrictive* conditions, a position plainly untenable.

Considering this section then as constitutional, the next question is as to the validity of the recorder's proceedings in summoning a jury, trying defendant therewith, and rendering judgment upon their verdict.

It is, of course, perfectly obvious that the provisions of the *Gen. Stat. ch.* 65, respecting trials by jury in justices courts, have no application to this magistrate's court. Justices of the peace have power to hear, try and determine certain offenses against the general laws of the state, subject to the right of the defendant to the jury trial by said *chapter* 65 provided for. This magistrate has power to hear, try and determine all cases arising under the ordinances of the borough, and this is made subject to no such right of the defendant to a jury, as in the case of justices of the peace. The creature of the statute, the recorder can have no power or authority, except such as is thereby expressly, or by necessary implication given. The power, aforesaid, is expressly given. As to any power of the recorder to summon a jury, and try the defendant therewith, the charter does not give it to him in terms. Is it necessarily implied ? Whatever is essential to the enjoyment of the thing given will be necessarily implied in the grant. As the power, *himself* to hear, try and determine these breaches of ordinance, is *expressly* given, there is obviously, no *implied* power to summon a jury to try persons charged therewith. The venire issued in the case was therefore void on its face. Though those therein named obeyed the summons, and acted as jurors, it was without any authority of law. Their verdict was of no more force or effect than that of any other twelve men who should have seen fit to take upon themselves the trial and decision of such a question would have been. In giving judg-

ment on their verdict, the recorder has passed sentence upon a man who had not been tried for the offense of which the sentence states that the jury have found him guilty. The recorder may sentence those convicted before him, but the conviction must be upon a trial in the mode prescribed by the statute conferring the jurisdiction to try.

The sentence was therefore illegal. It may be said that the objection was not taken before the recorder. but as it goes to the jurisdiction, this, in any view of the case, is immaterial. Besides, we have seen that the provisions of *Gen. Stat., ch.* 65, have no relation to this appeal, and if the defendant could limit the scope of the appeal by such a notice as that given, to questions arising upon the return, *this* question does so arise.

The record shows that there was no trial in the district court, but that the case was decided upon questions of law appearing upon the recorder's return, and that judgment was rendered affirming the judgment of the recorder, and against the defendant and his sureties in the bond given on appeal, treating the case as if it were an appeal from a justice of the peace, and the bond an instrument to be enforced under *Gen. Stat., ch.* 65, *sec.* 153.

The judgment must be reversed and defendant discharged.