The People *v.* Davis.

————————•·O·•————————

THE PEOPLE, *defendants in error, vs.* AARON M. DAVIS, *plaintiff in error.*

An indictment for a breach of the excise law alleged that the offense was committed "at the town of R. in the county of Seneca, and on the boundary of the two counties of Seneca and Yates, and within five hundred yards of such boundary." The proof showed the offense to have been committed in the town of R. in Seneca county, and within less than five hundred yards of the boundary line between the counties of Yates and Seneca, but not precisely upon such dividing line. *Held* that in view of the statute which provides that when an offense shall be committed on the boundary of two counties, or within five hundred yards of such boundary, an indictment for the same may be found, and a trial and conviction had, in either of such counties, this could not be regarded as a *variance,* in any proper sense; and that the judge properly refused to discharge the prisoner, or order a verdict in his favor, on that ground.

The boundary of each county for the purpose of jurisdiction over offenses, is by that provision of the statute extended five hundred yards into the adjacent county; and this space may very properly, by way of local description, be described as on the boundary and within five hundred yards of the boundary line.

A license, granted by the commissioners of excise of Seneca county, to D. recited that he was a resident of R. in said county, and licensed him to sell strong and spirituous liquors and wines to be drank in his house, as an inn or tavern. D. in fact, at the time, resided in the town of T. in the county of

The People *v.* Davis.

Yates, and had ever since resided there. Under this license D. kept a mere recess or drinking saloon, in a room in his ware house, situated in the waters of the Seneca lake, a few feet from the western shore thereof, and a few yards from the county line, within the town of R. *Held* that the judge was right in instructing the jury that D.'s license was void and afforded him no protection, if he was, at the time it was applied for and granted, a resident of the town of T.

*Held, also*, that such license, if otherwise valid, did not authorize sales to be made in a mere drinking saloon, in the corner of a ware house. That it only authorized such sales to be made in an inn, tavern or hotel, kept by D.

And that in order to justify the sale of liquor, under such a license, the licensee should show that he did in fact keep such inn, tavern or hotel, and that the liquors thus sold were sold for the purpose of being drank there.

A general verdict, where there are several counts in the indictment, is not erroneous where there is one good count which is sustained by the evidence.

THE plaintiff in error is under conviction for selling strong and spirituous liquors in quantities less than five gallons at a time, without having a license therefor granted, as provided by the statute, entitled "An act to suppress intemperance, and to regulate the sale of intoxicating liquors." (*Laws of* 1857, *ch.* 628.) By writ of error he brings hither the indictment, bill of exceptions and judgment of the court below. On the trial the people proved that the defendant sold strong and spirituous liquors in quantities less than five gallons at a time at his recess, at the Dresden Landing, in a room in his store house, situated three or four rods from the west shore of the Seneca lake, on its waters, and in the town of Romulus, Seneca county. That the town of Torrey, Yates county, is adjacent to the town of Romulus. When the prosecution had rested, the defendant moved to be discharged, and that a verdict of not guilty or acquittal be directed, on the ground of variance between the proof and the place where the offense was committed as alleged in the indictment. This the court declined to do, and the defendant excepted. The defendant then gave in evidence, under objection by the people, a license from the commissioners of excise of the county of Seneca. When the defendant had rested, the people gave evidence under objection by the defendant, tending to prove

that at the time of making application for, and when such license was issued, and down to the time of the trial, the defendant was a resident of Torrey, Yates county, and not a resident of Seneca county. The jury, under the charge of the court, found the defendant guilty.

*Charles S. Baker,* for the plaintiff in error.
u
*John D. Wolcott,* (district attorney,) for the people.

*By the Court,* JOHNSON, J. The first question in this case arises upon the motion made by the defendant's counsel, when the people rested their case, that the defendant be discharged, or that the jury be directed to find a verdict in his favor, upon the ground of a variance between the proof of the place where the offense was committed and the place where it is alleged to have been committed, in the indictment.

It is undoubtedly true that the offense charged in the indictment in this case is of a local nature, and that being so, the place where it is alleged to have been committed must be proved as laid in the indictment. (*The People* v. *Slater,* 5 *Hill,* 401.) If it is proved that the offense was committed in a different place from that charged, the variance is fatal. But clearly this is not that case. The charge in the first three counts is that the offense was committed "at the town of Romulus in the county of Seneca, and on the boundary of the two counties of Seneca and Yates aforesaid, and within five hundred yards of such boundary." The proof shows the offense to have been committed in the town of Romulus in Seneca county, and within less than five hundred yards of the boundary line between the counties of Yates and Senaca, but not precisely upon such dividing line.

In view of the statute, in reference to an offense committed on the boundary of two counties, it seems to me this

The People *v.* Davis.

can not with any reason be regarded as a variance, in any proper sense. The statute provides that "when an offense shall be committed on the boundary of two counties, or within five hundred yards of such boundary, an indictment for the same may be found and a trial and conviction thereon may be had in either of such counties." (2 *R. S.* 727, § 45.) The boundary of each county, for the purpose of jurisdiction over offenses, is by this provision of the statute extended five hundred yards into the adjacent county, and this space may very properly, as it seems to me, by way of local description, be described as on the boundary and within five hundred yards of the boundary line. Taking the description altogether, it can not but be seen, plainly, that the place designated was upon this space, in Seneca county, over which the court in Yates county had jurisdiction, and not elsewhere. I am of the opinion, therefore, that the judge properly refused to discharge the defendant or order a verdict in his favor. It was on the boundary, within the meaning of the statute.

The next question arises upon the validity of the defendant's license. It was granted by the commissioners of excise of Seneca county to the defendant, reciting that he was a resident of Romulus in said county, and licensed him to sell strong and spirituous liquors and wines to be drank in his house, as an inn or tavern. The defendant in fact, at the time, resided in the town of Torrey in the county of Yates, and has ever since resided there. Under this inn or tavern license, the defendant, as all the evidence shows, kept a mere recess, or drinking saloon, in a room in his warehouse, situated in the waters of the Seneca lake, a few feet from the western shore thereof, and a few yards from the county line, within the town of Romulus. The judge charged the jury that if the defendant, at the time he applied for, and obtained his license from the commissioners of Seneca county, was an actual resident of the town of Torrey in the county of Yates, the commissioners had no jurisdiction or authority to issue it, and it was null and void and afforded the defend-

ant no protection. To this portion of the charge the defendant by his counsel excepted.

The statute authorizes the commissioners of' excise " to grant licenses to keepers of inns, taverns, or hotels, being residents of the town or city where such inn, tavern, or hotel, is proposed to be kept, to sell," &c. (*Sess. Laws of* 1857, *ch.* 628, § 2.) This is the only authority conferred upon the commissioners, and is expressly limited to residents of the town or city where the inn or tavern is proposed to be kept. It is a special and limited power, and these officers have no right or authority to extend it, and grant licenses to any other class or description of persons than those designated. All their acts beyond the scope of the powers conferred by the statute are void. The judge was clearly right, therefore, in instructing the jury that the defendant's license was void and afforded no protection if he was at the time when the application was made for it, and when it was granted, a resident of the town of Torrey in Yates county. And beside this, the license, if otherwise valid, did not authorize the sales complained of, in a mere drinking saloon, in the corner of a warehouse. It only authorized such sales to be made in an inn, tavern, or hotel, kept by the defendant. In order to justify such acts, under such a license, the licensee should show that he did in fact keep such inn, tavern, or hotel, and that the liquors thus sold, were sold for the purpose of being drank there. It would be a sheer evasion, and perversion, of the statute to call the place described by the witnesses, in which these sales were made, an inn, tavern, or hotel, for the accommodation of travelers. Nor could the commissioners, with any decent regard for the duties of their office, have granted such a privilege with the understanding that it was to be exercised in such a place. It would most clearly be contrary to the plain provisions, and manifest intention, of the statute, and subject them to an indictment and punishment for a misdemeanor. (*See Act above cited,* § 6.)

A general verdict, where there are several counts in the

indictment, is not erroneous where there is one good count which is sustained by the evidence. (*The People* v. *Curling*, 1 *John*, 321, 322. *Conkey and Herrington* v. *The People*, 5 *Parker*, 31.) The offenses charged in the several counts are all of the same grade, and the defendant suffers nothing by a general verdict against him.

The conviction, and sentence, must therefore be affirmed, and the case remitted to the Court of Sessions of Yates county, for the purpose of having the sentence and judgment of said court carried into effect.

[MONROE GENERAL TERM, March 5, 1866. *Welles, E. Darwin Smith* and *Johnson*, Justices.]