State of Minnesota v. Robinson.

THE STATE OF MINNESOTA

*vs.*

HORATIO ROBINSON.

An indictment for an offense committed within one hundred rods of
the dividing line between two counties, which alleges that the offense
was committed in a county adjoining that in which the indictment is
found, and within one hundred rods of the dividing line between such
counties, is good under *Sec.* 20, *Chap.* 108 *of the Gen. Stat.*

Under *Sec.* 20, *Chap.* 108, *of the Gen. Stat.*, it may be alleged in the in-
dictment that the offense was committed in the county in which the indict-
ment is found, or the allegation may be that the offense was committed
in an adjoining county, and within one hundred rods of the dividing
line between such adjoining counties.

*Sec.* 20 *of Chap* 108 *of the Gen. Stat.*, is not in conflict with *Sec.* 6 *of Art.*
1 *of the Constitution of this State.*

The defendant was indicted in the district court for Car-
ver county for rape. A demurrer to the indictment was in-
terposed, which was overruled, and defendant was tried and
convicted; he removes the cause to this court by writ of
error. The case is fully stated in the opinion of the court.

JOHN H. BROWN for Plaintiff in Error.

This indictment was evidently intended to be drawn un-
der *Sec.* 20, *page* 647 *of the Gen. Statutes*, and (admitting
the statute to be in harmony with the constitution of the
State,) failed to give the court below jurisdiction of the of-
fense charged.

Under this statute the offense may be laid and tried in either county, when committed within one hundred rods of the dividing line, but it does not authorize the prosecutor to *lay* the offense in one county and *try* it in the other. 2 *Russ. on Crimes,* 120. But the statute above referred to is in contravention of the constitution of the state. (*Sec.* 6, *Art.* 1.)

The word *District* in the clause above cited can have no reference to any organized county, but only to those portions of the State having no complete county organization.

If the legislature, by enactment can extend the territorial jurisdiction of a court one hundred *rods* beyond the constitutional limit, in the same manner it may be extended one hundred *miles ;* and so continue the extension until all offenses committed at any place in the State may be tried in *Carver county.*

The constitutional rights of persons charged with public offenses cannot be disregarded in this manner.

F. R. E. CORNELL, Attorney General.

I.—The averment in an indictment of the place where the offense was committed, is only essential in showing it to have been done within the jurisdiction of the court. 26 *Penn. State R.,* (2 *Casey*) 513.

The jurisdiction of the district court in Carver county extends one hundred rods beyond its boundary lines as respects offenses committed within those limits; and the indictment, in specially stating the place where the offense was committed within those limits, was correct. There is no doubt, under our statute, but that the indictment would have been correct had it charged the offense as having been done in Carver county, but the form adopted in this case is

State of Minnesota v. Robinson.

clearly the better pleading. *Revised Statutes* 1866, *Sec.* 20, *Chap.* 108, *page* 647; *People vs. Dougherty*, 7 *Cal.* 395; *State vs. Johnson*, 5 *Jones Law*, (*N. C.*) 221; *State vs. Cotton*, 4 *Foster*, (*N. H.*) 143.

II.—If the point made by defendant is a defect, it clearly falls within that class provided for by *Sec.* 11, *Chap.* 108, *page* 646, *Revised Statutes*, and will be disregarded.

*By the Court.*—McMillan, J.—The indictment in this case was found by the grand jury of the county of Carver. The venue in the margin is the county of Carver. In the body of the indictment the offense is charged to have been committed by the defendant "in the county of Scott, in the state of Minnesota, within one hundred rods of the dividing line between the said county of Scott" and county of Carver, in the state of Minnesota. The defendant demurred to the indictment, alleging as ground of demurrer: "That it appears upon the face of the indictment that said court had no jurisdiction of the offense alleged, for the reason that the same is alleged to have been committed in the county of Scott in said state." The demurrer was overruled and the defendant was tried, convicted and sentenced by the district court of Carver county.

The defendant brings the case to this court on writ of error. The indictment is evidently framed under *Sec.* 20, *Ch.* 108, *of the Gen. Statutes*, which reads as follows: "Offenses committed on the boundary lines of two counties, or within one hundred rods of the dividing line between them, may be alleged in the indictment to have been committed in either of them, and may be prosecuted and punished in either county." *Gen. Stat. p.* 467.

The defendant alleges two specific grounds of error in this court.

1.    That the statute does not authorize the prosecutor to lay the offense in one county, and try it in the other.

2.    That the statute is in contravention of *Sec. 6, Art. 1, of the Constitution of this State.*

There are two objects in stating the locality of a crime, when it is not an essential element in the offense charged. 1st. To show that it was committed within the jurisdiction of the court; 2d. That the defendant may be fully informed of the charge, and be able to plead the judgment rendered upon the indictment in bar to any second indictment for the same offense. *State vs. Cotton,* 4 *Foster,* 144; *Hicks vs. The Commonwealth,* 23 *Penn.,* 514. It is true as a general rule, that for the purpose of showing jurisdiction, an indictment for a crime must allege that the offense was committed in the county in which the indictment is found; but the rule is only applicable where the jurisdiction of the court in which the offense is prosecuted is limited to the local boundaries of the county. As the jurisdiction of the court in this case is not restricted to the local limits of the county for which it is held, but is extended to embrace offenses committed in an adjoining county within one hundred rods of the dividing line between such counties, the allegation that the crime was committed at a place within such area, shows that it is within the jurisdiction of the court.

If the allegation is sufficient to show jurisdiction, it certainly informs the defendant of the crime charged against him more specifically; and protects him against a subsequent prosecution for the same offense, as certainly as would the general allegation that the crime was committed in the county of Carver.

There is no reason, therefore, in cases within the section under consideration, why the pleader should be compelled to allege that the offense was committed within the county

State of Minnesota v. Robinson.

in which the indictment is found.  But when a crime is committed within one hundred rods of the dividing line between adjoining counties, it must frequently be very difficult, and often impossible, to ascertain and prove within which particular county it was committed ; in order, therefore, to avoid the embarrassing questions and technical difficulties which would arise in such cases, tending to obstruct the administration of justice, it is altogether proper, if not necessary, that the prosecuting officer should in such case be permitted to allege in the indictment that the crime was committed in the county in which the offense is prosecuted, and under this allegation be permitted to prove the commission of the offense in an adjoining county, and within one hundred rods of the dividing line between such counties. We see no reason, then, why the statute should not be so construed as to permit the pleader in cases within this section, to allege in the indictment that the offense was committed in the county in which the indictment is found, or in an adjoining county, within one hundred rods of the dividing line between them.  We are of opinion that the allegation in the indictment in this case is sufficient. *Rex vs. Miller and another*, 1 *British Cr. C.* (*Russ. & Ry.*), 144 ; *Rex vs. Goff, ib.*, 178 ; *People vs. Doughty*, 7 *Cal.*, 395 ; 1 *Russ. on Crimes*, 826–7 ; *Roscoe's Cr. Ev.*, 251 ; 2. *Russ on Cr.*, 121–2 ; *Roscoe's Cr. Ev.*, 252 ; *The People vs. Davis*, 45 *Barb. S. C. Rep.*, 494.

In *Reg. vs. Mitchell*, 42 *Eng. Com. L.*, 843, (2 *Ad. & E.*) this point was not involved, although there are some expressions which would seem to favor the position of the defendant in this case.  In that case the court held that the indictment laid the offense in Northamptonshire, where the indictment was found ; the cause was removed by the defendant to Lincolnshire, by *certiorari*, and it was tried in the latter

county.  The court held that for the trial to be good in either county, the offense must have been laid and tried in one and the same county.  While the proof showed that the offense was committed in Lincolnshire, within 500 yards of the boundary line of Northampton, the indictment did not so allege, and the court were not called upon and do not decide that if the indictment had so alleged, and the cause been tried in Northamptonshire, it would not have been good under 7 *Geo.* 4, *Ch.* 64, *Sec.* 12.  It is further to be remarked, that the language of the statute under which this and the other English decisions were made, is materially different from our own.  1 *Russ. on Cr.*, 549.

In *Commonwealth vs. Gillon*, 2 *Allen*, 502, under a statute of Massachusetts very much like our own, the defendant insisted that the proper and legal form in cases within the statute would *require* an allegation corresponding to the facts, and that it should set forth as the place of the commission of the offense, that it was on the boundary line of the counties,  *  *  and within one hundred rods of the dividing line between them.  The court held that view of the statute erroneous, and as stated in the syllabus, " If an offense is committed within one hundred rods of the dividing line between two counties, a complaint therefor to a police court, or trial justice, in the county adjoining that in which the offense was committed, may allege, under *Gen. Stat. ch.* 71, *sec.* 17, that it was committed within the county in which the prosecution is instituted."  It is true in that case that Dewey, J. says, " It was not the purpose of this provision in any respect to change the form of the complaint or indictment for the offense ";  but it may be doubted, in view of the objection urged, and the decision as stated in the syllabus, whether the learned judge intended to say more than that the statute did not imperatively change the

State of Minnesota v. Robinson.

form of the complaint.  However that may be, we think the language of our statute permits the allegation in either form; and this view of the statute is strengthened by *subdiv*. 4, of *sec*. 10, *ch*. 108, which would seem to contemplate that an indictment which shows the jurisdiction of the court is sufficient, although the offense is alleged to have been committed at a place without the local jurisdiction or limits of the county.  *Gen. Stat., p*. 646.

We are then to enquire whether the statute is in violation of *Sec.* 6, *Art.* 1, *of the Constitution.*  The portion of the section which it is claimed inhibits this law reads as follows: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the county or district wherein the crime shall have been committed, which county or district shall have been previously ascertained by law. "  This provision is found in the bill of rights contained in the constitution.  It does not define or limit the jurisdiction of the courts of this state over criminal offenses, nor does it expressly, or in effect, guarantee to the accused in all cases a trial in the county in which the offense was committed, but it defines and limits the locality from which a jury shall be taken for the trial of the defendant in a criminal prosecution, and in effect, we think, secures to him a trial within the same limits.  By the provisions of our constitution, the district courts have original jurisdiction in all criminal cases where the punishment exceeds three months imprisonment, or a fine of more than one hundred dollars.  *Const., Art.* 6, *Sec.* 5.

The only limitation in the constitution, of the territorial jurisdiction of the district courts, is contained in *Sec.* 4 *of Art.* 6, which prescribes that "the state shall be divided into six judicial districts, which shall be composed of contiguous territory, be bounded by county lines, and contain

a population as nearly equal as may be practicable. In each judicial district, one judge shall be elected by the electors thereof, who shall constitute said court." It was competent, therefore, for the legislature to provide that a district court should be held at one place for each district, embracing all the counties in such district in its territorial jurisdiction, or at such other places, and embracing such extent of territory, and including one or more counties, or parts of counties in the same district, as they should deem most conducive to the public interests. As the legislature possessed this power under the constitution, it would be unreasonable to suppose that they intended by *Sec. 6 of Art. 1*, to require that when more than one county was embraced within the territorial jurisdiction of the district courts established in each judicial district, a separate panel of jurors should be drawn from each county in such jurisdiction for the trial of offenses committed therein. But when a district court was established for a single county, and the territorial jurisdiction of such court is limited to the area of such county, the section in question secures to the accused a trial by a jury of such county. *Commonwealth vs. Parker*, 2 *Pick.*, 549.

The object of this provision is to protect the defendant against a spirit of oppression and tyranny on the part of our rulers, and against a spirit of violence and vindictiveness on the part of the people ; and also to secure the party accused from being dragged to a trial at a distant part of the State, away from his friends, and witnesses, and neighborhood, and thus to be subject to the verdict of mere strangers, who may feel no common sympathy, or who may even cherish animosities or prejudices against him, as well as the necessity of incurring the most oppressive expenses, or, perhaps, even to the inability of procuring the proper witnesses to

establish his innocence. 2 *Story on Const.*, secs. 1780–81. The statute in question, we think, defeats none of these objects, and is not in violation of the section of the constitution relied on by the defendant's counsel. It simply extends the criminal jurisdiction of the district court one hundred rods beyond the territorial limits of the county; to this we have shown there is no constitutional objection, the jurisdiction having existed prior to the commission of the alleged offense. The jury being taken from the body of the county, within its territorial limits, secure to the defendant, substantially, the right guaranteed by the constitution.

The statute is intended solely for the protection of the community, and is in accordance with strict justice and sound reason. "The purpose of this enactment being to secure the full operation of our criminal laws, and more effectually to enforce punishment for the breach thereof, by avoiding embarrassing questions of the precise limits or boundaries of county lines, or a possible conflict of testimony whether the act complained of was perpetrated within the established limits of the county in which the trial was had, or at some short distance without those limits, although substantially on the boundary line.". 2 *Allen*, 503; *The People vs. Davis*, 45 *Barb.*, 494. This law has been in operation since a very early period of our territorial existence; and statutes of a similar character have been upon the statute book of England for a long time, and are also found in many, if not most, of the states in this country. Whatever difference there may be in the authorities of either country as to the form of the allegation in indictments framed under them, we are unable to find a case in England which intimates that such statutes infringe the right of the accused to a trial by a jury of the county in which the

crime was committed, or in this country that such a provision is unconstitutional.

The entire absence of adverse authority, under these circumstances, would tend strongly to the conclusion that the legislation was valid. The further fact that many cases are found involving other questions, under these and analagous statutes in which their validity is not questioned, among them one in our own State, since the adoption of the constitution (*State vs. Timmens*, 4 *Minn.*, 325) tends to strengthen this conclusion. We think the objection to the validity of the statute is not sustainable.

The judgment of the district court is affirmed.