Shauck, C. J.
There appears to be neither doubt nor occasion for it that a valid statute confers upon the police court jurisdiction of the offenses of the character of this if committed within the limits of the city, or within four miles thereof. The circuit court reversed the judgment because it was of the opinion that the challenge to the array of jurors should have been sustained upon the ground that the offense was charged to have been committed without the city, while the jurors were all drawn from within the city. This did not result from chance, because there is no provision for drawing jurors from without the city limits for service in the police court of the city. It being admitted that the police court had jurisdiction of the offense, and that no statute or ordinance required the drawing of jurors from territory without the city limits, the judgment of the circuit court is erroneous, unless some constitutional right of the accused was denied her. The opinion of the circuit court is before us, and it appears to give controlling effect to Olive v. The State, 11 Neb., 1, and Armstrong et al. v. The State, 1 Coldwell’s, 338, in which it was held that the trial district and the jury district must be the same. In following those cases the circuit court rejected the views expressed in State, ex rel. Brown, v. Stewart, 60 Wis., 587; State v. Robinson, 14 Minn., 447, where the contrary conclusion was reached upon the same question. The conclusion of the circuit court is also in conflict with federal decisions respecting the districts throughout which federal courts have jurisdiction and the districts from which juries must be drawn.
*300 Looking to the reasons involved, unless a constitutional guaranty has been disregarded, there can be no valid objection to the view of the subject taken upon the trial. It is manifest that if the jury had been drawn from the entire district embraced in the jurisdiction of the police court, the same jury might have been drawn and impanelled. It is equally manifest'that from whatever district the jurors were drawn, their qualifications would necessarily be the same, and that the chance result would not have affected the impartiality of the trial. But since the consideration of equivalents is not permissible where constitutional guaranties are involved, and since such guaranties may not be disregarded because in particular cases they do not appear to be of materiality or importance, we have to inquire whether there is a guaranty of that character by which the present question is affected. The only provision of the constitution appearing to have any relation whatever to the subject is that of the tenth section of the first article, that the party accused shall have “a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.” The primary purpose of this provision is to fix the place of trial. All that is required as to the jury is that it shall be impartial. As to the pláce of trial, the substance of the right conferred is that “it shall be in the county or so near thereto that the accused may have the benefit of his own reputation and that of his witnesses, and that he may, with as much certainty and as little expense and delay as are practicable, secure the attendance of his witnesses” *301 (State, ex rel., v. McCarty, Judge, 52 Ohio St., 363). The impartiality of the jury is required by the statute under which this panel' was drawn. Neither a comprehensive view of the purpose of the guaranty nor a narrow view of the terms used will justify the conclusion that an accused person may not be tried by an impartial jury of the county in which the offense is alleged to have been committed. The judgment of the circuit court is reversed and that of the common pleas affirmed.

Reversed.

Price, Summers, Spear and Davis, JJ., concur.