STATE of Minnesota, Plaintiff,

v.

Kenneth John SANDERSON, Defendant.

No. C1–90–2714.

Court of Appeals of Minnesota.

May 7, 1991.

R. Donald Hawkinson, Bloedel, Slade & Hawkinson, Minneapolis, for defendant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul and Allen R. Desmond, Hance & Levahn, Ltd., Minneapolis, for plaintiff.

Considered and decided by AMUNDSON, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

HUSPENI, Judge.

Pursuant to Minn.R.Crim.P. 28.03, the trial court certified to this court two questions as important and doubtful, seeking a ruling on the constitutionality of Minn.R. Crim.P. 24.02, subd. 2. We answer both questions in the negative.

## FACTS

Defendant Kenneth John Sanderson was arrested and charged with one count of malicious punishment of a child, Minn.Stat. § 609.377 (Supp.1989) and one count of fifth degree assault, Minn.Stat. § 609.224 (1990), arising from a course of allegedly abusive conduct occurring between June and August 7, 1990. The parties stipulate that the alleged abuse took place in the Ramsey county portion of the City of St. Anthony within 1500 feet of the Hennepin–Ramsey county line.

Pursuant to Minn.R.Crim.P. 24.02, subd. 2, and Minn.Stat. § 488A.01, subd. 6 (1988), the matter was set for trial in Hennepin county district court. On defendant's motion to dismiss the complaint and by stipulation of the parties, the trial court certified two unanswered [1] questions to this court:

## ISSUE I

Whether prosecuting the Defendant for malicious punishment of a child under Minnesota Statutes, 609.377 violates the Defendant's right to "a trial by an impartial jury of the county or district wherein the crime shall have been committed" guaranteed by Article 1, Section 6 of the Constitution of Minnesota where:

a. the Defendant is charged and prosecuted in Hennepin County before a jury drawn from residents of Hennepin County; and

b. the alleged violation occurred within that portion of the City of St. Anthony lying within the territorial limits of Ramsey County and within 1500 feet of the Ramsey–Hennepin County boundary so as to be venued in Hennepin County pursuant to Rule 24.02, subdivision 2 of the Minnesota Rules of Criminal Procedure?

## ISSUE II

Whether prosecuting the Defendant for assault in the fifth degree under Minnesota Statutes, Section 609.224, subdivision 1(2) violates the Defendant's right to "a trial by an impartial jury of the county or district wherein the crime shall have been committed" guaranteed by Article 1, section 6 of the Constitution of Minnesota where:

a. the Defendant is charged and prosecuted in Hennepin County before a jury drawn from residents of Hennepin County; and

b. the alleged violation occurred within that portion of the City of St. Anthony lying within the territorial limits of Ramsey County and within 1500 feet of the Ramsey–Hennepin County boundary so as to be venued in Hennepin County pursuant to Rule 24.02, subdivision 2 of the Minnesota Rules of Criminal Procedure; and

c. the Hennepin County District Court exercises jurisdiction pursuant to Minnesota Statutes, Section 488A.01, subdivision 6(1)? [2]

---

1. We note that the trial court should have answered the certified questions before submitting them to this court. *See Duxor Inv. Aktiengesellschaft v. Investment Rarities Inc.,* 413 N.W.2d 502, 504 (Minn.1987); *Gruening v. Pinotti,* 364 N.W.2d 907, 909 (Minn.App.1985). In the inter-ests of judicial economy and expediency, we will give the initial answers here.

2. The statutory section confers jurisdiction on Hennepin county district court to try misdemeanor and gross misdemeanor offenses com-

The trial court stayed further proceedings pending the decision of this court.

## ANALYSIS

Defendant argues that his prosecution in Hennepin county for crimes occurring in Ramsey county violates his right to be tried "by an impartial jury of the county or district wherein the crime shall have been committed." Minn. Const. art. I, § 6. We disagree.

In analyzing the constitutionality of Minn.R.Crim.P. 24.02, we begin with the general venue principle enunciated by the Minnesota legislature:

> Except as otherwise provided in Rule 24 of the rules of criminal procedure, every criminal cause shall be tried in the county where the offense was committed.

Minn.Stat. § 627.01, subd. 1 (1990). Thus, any matter not falling into one of the "special venue" cases detailed in rule 24.02 must be tried in the county in which the offense was committed. The Minnesota Supreme Court in *State v. Krejci*, 458 N.W.2d 407 (Minn.1990), issued its most recent decision involving special venue provisions and upheld a special venue statute that allowed prosecution for child abuse in the county where the abuse occurred or in which the child is found. The court reasoned in part:

> The legislature has the authority, within the confines of the constitution, to enact special venue statutes and has done so when special needs relating to venue have arisen. In 1975 [the supreme court] adopted the provisions of existing special venue statutes as Rule 24.02, Minnesota Rules of Criminal Procedure.

*Id.* at 411 (footnote omitted). The supreme court specifically cited rule 24.02, subd. 2 in footnote 4 of *Krejci*. *Id.* The rule provides:

> Offenses committed on or within 1,500 feet (457.2 M) of the boundary line between two counties may be alleged in the complaint or indictment to have been committed in either of them and may be prosecuted and tried in either county.

Minn.R.Crim.P. 24.02, subd. 2. Derived from Minn.Stat. § 627.07 (1974), the rule is the near verbatim [3] successor to Gen.Stat. c. 108 § 20 (1866). In 1869, the Minnesota Supreme Court in *State v. Robinson*, 14 Minn. 447 (Gil.333), (1869), found Gen.Stat. c. 108 § 20 constitutional. The supreme court reasoned:

> As the jurisdiction of the court in this case is not restricted to the local limits of the county for which it is held, *but is extended to embrace offenses committed in an adjoining county, within 100 rods of the dividing line* between such counties, the allegation that the crime was committed at a place within such area shows that it is within the jurisdiction of the court.

*Id.* at 450 (Gil. at 335) (emphasis added). After reciting the language of Minn. Const. art. I, § 6, the court continued:

> [The statute] simply extends the criminal jurisdiction of the district court 100 rods beyond the territorial limits of the county; to this we have shown there is no constitutional objection, the jurisdiction having existed prior to the commission of the alleged offense. The jury being taken from the body of the county, within its territorial limits, secure to the defendant, substantially, the right guaranteed by the constitution.

*Id.* at 455 (Gil. at 339). We find *Robinson* controlling.

Our method of analysis in this case follows that of the supreme court in *State v. Hamm*, 423 N.W.2d 379 (Minn.1988). Although the court in *Hamm* overturned a 15-year-old statute providing for six mem-

---

mitted in the entire city of St. Anthony. We need not decide the constitutionality of the statute since we find that on the facts of this case defendant may properly be prosecuted in Hennepin county district court for crimes occurring within 1500 feet of the county line pursuant to Minn.R.Crim.P. 24.02, subd. 2.

3. The rule abandons the archaic rod measurement (16.5 feet) of the statute in favor of a similar measurement in linear feet, eliminates the "and punishment" language of the statute, and provides that the jurisdictional allegation may be included in a complaint as well as an indictment.

ber juries in non-felony cases, in doing so it relied heavily on its decision in *State v. Everett*, 14 Minn. 439 (Gil. 330) (1869), decided the same year as *Robinson*. In *Everett*, the Supreme Court defined a "jury" as consisting of twelve persons. 14 Minn. at 444 (Gil. at 332). Here, as in *Hamm*, we rely on longstanding supreme court precedent in judging the constitutionality of rule 24.02. As the supreme court noted in *State v. Naftalin*, 246 Minn. 181, 74 N.W.2d 249 (1956):

> Before decisions of [the supreme] court should be overruled or ignored in subsequent cases, there should be some good reason for doing so. That is particularly true of decisions construing our constitution. Where such decisions have stood unchallenged for many years they should not be lightly overruled.

*Id.* at 210–11, 74 N.W.2d at 267–68. Here, defendant challenges a rule derived from a statute that has been on the statute books since territorial days and which our state supreme court found to be constitutional eleven years following statehood. Defendant has not presented a good reason to depart from this well-settled precedent. Moreover, any departure from well-settled precedent would be more appropriately announced by the Minnesota Supreme Court than by this court.

We can discern little justification for prohibiting prosecution in a neighboring county for crimes committed within 1500 feet of its border, while allowing prosecution in a potentially remote county in which the child is found. *Krejci*, 458 N.W.2d at 410 (prosecution in Hennepin county for an offense occurring in Renville county).

Finally, the Wisconsin Supreme Court, ruling on the constitutionality of a special venue provision nearly identical to the rule in this case [4] and applying a virtually identical constitutional provision,[5] held that a defendant may be prosecuted constitutionally in either county for acts occurring within 100 rods of the boundary between the two counties. *State ex rel. Brown v. Stewart*, 60 Wis. 587, 596–97, 19 N.W. 429, 433–34 (1884) (citing with approval *Robinson*, 14 Minn. at 453 (Gil. at 339)).

### DECISION

Rule 24.02, subd. 2 of the Rules of Criminal Procedure is constitutional.

Certified questions answered in the negative.

---

4. "Where an offense is committed on or within one-fourth of a mile of the boundary of 2 or more counties, the defendant may be tried in any of such counties." Wis.Stat. § 971.19, subd. 3 (1988).

5. "[T]he accused shall enjoy the right * * * in prosecutions by indictment, or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed." Wis. Const. art. 1, § 7.