**COUNTY OF BENTON, Appellant,**

**County of Sherburne, Appellant,**

v.

**COUNTY OF STEARNS, Respondent.**

**Nos. C4–92–2436, C4–93–79.**

Court of Appeals of Minnesota.

July 20, 1993.

As Amended July 21, 1993.

Review Denied Sept. 21, 1993.

---

Michael Scott Jesse, Benton County Atty., Foley, for County of Benton.

Thomas D. Hayes, Sherburne County Atty., Thomas C. McNinch, Asst. County Atty., Elk River, for County of Sherburne.

Roger S. Van Heel, Stearns County Atty., Patrick T. Strom, Asst. County Atty., St. Cloud, for County of Stearns.

Considered and decided by CRIPPEN, P.J., and KALITOWSKI and HOLTAN, JJ.

## OPINION

HOLTAN, Judge.*

Benton and Sherburne Counties commenced separate actions against respondent Stearns County, asserting Stearns County was responsible for the costs of incarceration of misdemeanants and gross misdemeanants sentenced in Stearns County to the Benton and Sherburne County jails for offenses committed in the Benton and Sherburne County sections of the cities of St. Cloud and Sartell. In both actions, the parties stipulated to the relevant facts and submitted the issue to the trial courts. In both actions, the trial courts found Stearns County was not responsible for the costs of incarceration. Benton and Sherburne Counties have filed separate appeals, which have been consolidated.

## FACTS

St. Cloud is situated in the counties of Stearns, Benton and Sherburne. The St.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Cloud City Hall is in Stearns County. Sartell is located in Benton and Stearns Counties. The Sartell City Hall is also located in Stearns County.[1]

Pursuant to Minn.Stat. § 487.21, subd. 4 (1990), statutory misdemeanors and certain gross misdemeanors committed in the Benton and Sherburne County sections of St. Cloud are prosecuted in Stearns County by the St. Cloud city attorney. Similarly, statutory misdemeanors and certain gross misdemeanors committed in the Benton County section of Sartell are prosecuted by the Sartell city attorney in Stearns County.

Benton, Sherburne and Stearns County each maintain their own county jails. No property taxes from the Sherburne or Benton County sections of St. Cloud and Sartell are used for the construction, maintenance or operating costs of the Stearns County jail. Any fines collected from misdemeanants and gross misdemeanants for offenses committed in Benton and Sherburne Counties and prosecuted in Stearns County are distributed pursuant to Minn.Stat. § 487.-33, subd. 5 (1990). None of the fine money goes to Benton or Sherburne County.

The sheriffs of Benton and Sherburne Counties submitted invoices to the Stearns County sheriff for payment of the cost of boarding prisoners who were convicted and sentenced in Stearns County for misdemeanor and gross misdemeanor offenses committed in the Benton and Sherburne County sections of St. Cloud and Sartell. Benton and Sherburne Counties have taken the position that Stearns County is responsible for the cost of incarceration of prisoners in their jails sentenced in Stearns County for offenses committed in Benton and Sherburne Counties. Stearns County has taken the position that Benton and Sherburne Counties are responsible for the cost of incarceration of prisoners who committed offenses in Benton and Sherburne County, regardless of the fact that they were tried, convicted and sentenced in Stearns County.

Based on these stipulated facts, the trial courts held in favor of Stearns County. The separate appeals of Benton and Sherburne County have been consolidated by this court.

## ISSUE

Did the trial court err in holding Stearns County is not responsible for the payment of the costs of incarceration of prisoners convicted in Stearns County and sentenced by the Stearns County court to the Benton and Sherburne County jails?

## ANALYSIS

### I. *Standard of Review*

■ The trial court's decision was based on statutory interpretation, a question of law which this court reviews de novo on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

### II. *Liability for Costs*

■ A person accused of committing a crime in Minnesota has the right to a trial in the county or district in which the crime was committed, "which county or district shall have been previously ascertained by law." Minn. Const. art. I, § 6.

■ When a person is sentenced to serve time in a county jail, the county where the offense was committed is responsible for the costs of incarceration. Minn.Stat. § 641.13 (1990) provides:

> When any prisoner is ordered confined in *any county other than that in which the offense was committed,* the other county shall keep the prisoner at the expense of the county sending the prisoner.

*Id.* (emphasis added). In addition, Minn. Stat. § 631.46 (1990) provides:

> If a sentence requires imprisonment at a local correctional facility and there is no suitable facility in the county in which the offense was committed, the court

1. Twenty-nine Minnesota cities are in more than one county. League of Minnesota Cities, *Cities by County* (1985).

may order the sentence to be executed in any other county where there is a suitable facility. *The county in which the offense was committed shall pay the expense of supporting the inmate.* (Emphasis added.) Section 631.46 is not applicable to the present case, as Sherburne, Benton and Stearns County all have suitable facilities (county jails).

Minn.Stat. ch. 487 addresses the jurisdiction and authority of county courts. Minn. Stat. § 487.18(a) (1990) provides:

> The county court has jurisdiction to hear, try and determine any charge of violation of a criminal law of this state constituting a misdemeanor or gross misdemeanor *committed within the county court district* and of any ordinance, charter provision, rule or regulation of any subdivision of government in the county court district.

(Emphasis added.)

For cities such as St. Cloud and Sartell that are in more than one county, the legislature has stated:

> If a municipality is located in more than one county court district, or in more than one county within a county court district, *the county in which the city hall of the municipality is located determines the county or county court district in which the municipality shall be deemed located for the purposes of sections 487.01 to 487.38* provided, however, that the municipality by ordinance enacted may designate, for those purposes, some other county or district in which a part of the municipality is located.

Minn.Stat. § 487.21, subd. 4 (1990) (emphasis added).[2]

■ Does the statement in section 487.-21, subdivision 4 that a municipality "shall be deemed located" in the county in which the city hall is located require that offenses committed anywhere in Sartell or St. Cloud be deemed to have been committed in Stearns County? We do not think so.

■ The legislature has authority to enact special venue statutes to deal with special venue problems. *State v. Krejci,* 458 N.W.2d 407, 411 (Minn.1990); *State v. Sanderson,* 469 N.W.2d 476, 478 (Minn. App.1991). A special venue statute may specifically address a single county or municipality. *See, e.g.,* Minn.Stat. § 488A.01, subd. 6 (1992) (Hennepin County municipal court has jurisdiction over crimes committed in Hennepin County, "including all of the city of St. Anthony"). Special venue statutes may also address venue generally. *See, e.g.,* Minn.Stat. §§ 627.15 (1992) (in child abuse cases, trial may be held in county where abuse occurred or in county where child is found), 609.525 (1992) (charge of bringing stolen goods into state may be brought in any county "into or through which" the property was brought).

We believe section 487.21, subdivision 4 is only a venue statute; construing the word "deemed" to redraw the map to determine in which county an offense was committed puts too much weight on one word to the exclusion of the rest of the statutory scheme. Section 487.21 addresses where sessions of the county court will be held. Section 487.21, subdivision 3 requires that criminal trials

> shall be conducted in the municipality where the alleged violation occurred if the court regularly holds sessions at that location, or in another location within the same county as the court designates by rule.

Minn.Stat. § 487.21, subd. 3 (1992). Subdivision 4 merely specifies the county in which trial will occur when a municipality is in more than one county.

In discussing venue, the Minnesota Supreme Court has stated:

> If a state has jurisdiction over the crime, then a determination of the precise county [venue] for trial is less significant. [V]enue deals with convenience and location of trial rather than with the power of the court to hear the action in the first place.

which preserves Minn.Stat. § 487.21, subd. 4.

---

**2.** County courts were abolished by merger with district courts under Minn.Stat. § 487.191,

*State v. Smith,* 421 N.W.2d 315, 320 (Minn. 1988) (citations omitted).

Appellants contend their position is supported by Minn.Stat. § 574.34, subd. 2 (1990), which provides:

> If a city or municipal attorney prosecutes a gross misdemeanor offense, the proceeds of any fine collected by the court shall be dispersed in the same manner as though the offense was a misdemeanor prosecuted by the city or municipal attorney in county or municipal court. *The county shall pay for any costs associated with incarceration.*

(Emphasis added.) We disagree. This statute simply makes the county, *rather than the city or municipality,* responsible for the costs of incarceration of gross misdemeanants.

Minn.Stat. § 627.01, subd. 2 (1990) defines "county where the offense was committed" to include, in relevant part, "any county where any element of the offense was committed." Chapter 487 provides that the county court has jurisdiction over misdemeanors and gross misdemeanors committed within the county court district. If a city is located in more than one county, section 487.21, subdivision 4 merely places venue in the county in which the city hall is located. To say that the county where the city hall is located must be the county where the offense was committed turns chapter 487 on its head.

## DECISION

Stearns County is not liable for the costs of incarceration of persons sentenced in Stearns County to the Benton and Sherburne County jails for offenses committed in Benton and Sherburne Counties.

**Affirmed.**